48

**UNITED STATES of America,
Appellee,**

v.

**William S. YAGER, Defendant–
Appellant.**

No. 05–7048–cr.

United States Court of Appeals,
Second Circuit.

Dec. 15, 2006.

Lisa M. Fletcher, Assistant United States Attorney, Northern District of New York (Elizabeth S. Riker, Assistant United States Attorney, Glenn T. Suddaby, United States Attorney, on the brief), Syracuse, NY, for Appellee.

Melissa A. Tuohey (Lisa A. Peebles, Assistant Federal Public Defender, Alexander Bunin, Federal Public Defender, on the brief), Syracuse, NY, for Defendant–Appellant.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant William Yager appeals from the sentence imposed on December 9, 2005, in the Northern District of New York (David N. Hurd, *Judge*), following Yager's plea of guilty to charges of conspiracy to commit wire fraud and to launder the proceeds of the fraudulent scheme. We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

In calculating Yager's appropriate sentence under the advisory Guidelines, the District Court imposed a two level enhancement under U.S.S.G. § 3B1.1(c), which applies "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than [activities that involved five or more participants or were otherwise extensive.]" The District Court also imposed a two level enhancement under U.S.S.G. § 2B1.1(b)(9)(C), which applies where the offense "involved sophisticated means." Yager challenges both of these enhancements. We review such "mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *United States v. Selioutsky,* 409 F.3d 114, 119 (2d Cir.2005).

■ "A defendant may properly be considered a manager or supervisor if he exercised some degree of control over others involved in the commission of the offense . . . or played a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Burgos,* 324 F.3d 88, 92 (2d Cir.2003) (alterations omitted). To the extent that Yager challenges the District Court's factual findings that Yager "directed the operation and . . . put it together," and that he directed the activities of his co-conspirator, Anthony Marrone, we see in those findings no error, clear or otherwise; and, on those facts, we agree with the District Court that the two level enhancement under § 3B1.1(c) is appropriate.

■ " '[S]ophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. . . . Conduct such as hiding assets or transactions, or both, through the use of fictitious entities . . . ordinarily indicates sophisticated means." U.S.S.G. § 2B1.1., Application Note 8. Here, the record shows that Yager conducted a complex and sophisticated scheme, including the use of false names, or the names of his accomplice's unwitting relatives, mail forwarding services, and a voice modulation device. We agree with the District Court that a two level enhancement for sophisticated means is appropriate.

■ Finally, we see no merit to Yager's argument that the government breached the plea agreement by failing to recommend a downward adjustment for acceptance of responsibility. Here, the government's promise to recommend a downward adjustment for acceptance of responsibility was expressly conditioned on Yager's demonstration of his acceptance of responsibility "through the time of sentencing." In fact, Yager proceeded repeatedly to show that he did not accept responsibility, not only by his false statements regarding the extent of his offense to the District Court during his June 2005 plea colloquy, but also by his subsequent statements to the Probation Office attempting to minimize his role in the offense, and finally by his violation of the terms of his release by using the computer—a violation which it appears the government did not discover until December, 2005, shortly before Yager's sentencing, and well after both the initial plea agreement and the September 2005 amendment and re-affirmation of the agreement. It is clear on these facts that the government was justified in refusing to recommend an adjustment for acceptance of responsibility.

Yager relies primarily on *United States v. Roe*, 445 F.3d 202, 207–08 (2d Cir.2006), in which we held that "the government may not base its dissatisfaction with a defendant's performance of an agreement on facts known to the government at the time the agreement is executed.... [I]t would have been fraudulent to have induced a defendant's plea with a promise that the government already knew it was not going to keep." (quotations omitted). Here, significant facts which bore on Yager's acceptance of responsibility came to light only after the plea agreement was executed, and we see no basis on which to conclude that the government entered into the plea agreement with the intention of breaching it.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.